# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Anthony Lewis Ware,  :
                             :
       Plaintiff,  :   Civil Action
                             :
    v.  :   File No. 05-362
                             :
Ball Plastic Container Corp.  :
                             :
       Defendant.  :

## APPENDIX TO DEFENDANT BALL PLASTIC CONTAINER CORP.'S OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

TYBOUT, REDFEARN & PELL

*/s/ David G. Culley*

 

Of Counsel
Bradley E. Strawn, Esquire
Littler Mendelson, PC
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, PA 19102

**DAVID G. CULLEY, I.D. # 2141**
**TIMOTHY S. MARTIN, I.D. # 4578**
300 Delaware Avenue, 11th Floor
P.O. Box. 2092
Wilmington, DE 19899-2092
(302) 658-6901
E-mail Address: dculley@trplaw.com
Attorney for Defendant Ball Plastic Corp.

DATED:      December 2, 2005

## **TABLE OF CONTENTS**

COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A1-A23

DECLARATION OF ELIZABETH ESTEP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  A24

DECLARATION OF WILLIAM GALLAGHER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A25-A28

DECLARATION OF BRYANT HASELDEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A29-A30

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

2005 JUN -6 PM 3: 18

_Anthony Lewis Ware_

_____
(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. _05 - 362_

_Ball Plastics_

_____
(Name of Defendant or Defendants)

## _COMPLAINT UNDER TITLE VII_

## _OF THE CIVIL RIGHTS ACT OF 1964_

1.     This action is brought pursuant to _Title VII of the Civil Rights Act of 1964_, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.     Plaintiff resides at _2412 N. Monroe St._
                             (Street Address)
_Wilmington   New Castle   DE   19802_
(City)     (County)     (State)     (Zip Code)
_302-(571-1213)_
(Area Code) (Phone Number)

3.     Defendant resides at, or its business is located at _Ball Plastic Corp 2900 Cindell Dr._
                                                          (Street Address)
_Cinnaminson         NJ         08077     856-303-4007_
(City)     (County)     (State)     (Zip Code)     _856-303-4006_

4.     The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _Ball Plastics Corp_ place of business
                                          (Defendant's Name)
located at _2900 Cindell Drive_
            (Street Address)
_Cinnaminson         NJ         08077_
(City)     (County)     (State)     (Zip Code)

A-1

5.    The alleged discriminatory acts occurred on __2 4__ , __February  2004__
                                                    (Day)         (Month)    (Year)

6.    The alleged discriminatory practice  ⊘ **is**    ⊙ is not  continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,

_____

(Agency)          (Street Address)        (City)

_____ , regarding

(County)          (State)          (Zip Code)

defendant's alleged discriminatory conduct on _____ , _____ , _____ .
                                                 (Day)          (Month)         (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States

regarding defendant's alleged discriminatory conduct on: __23 rd__ , __february  2004__
                                                            (Day)         (Month)    (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter

which was received by plaintiff on: __11 th__ , __march__ , __2005__
                                     (Day)         (Month)    (Year)

## *(NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

A.    ⊘ Failure to employ plaintiff.

B.    ⊙ Termination of plaintiff's employment.

C.    ⊙ Failure to promote plaintiff.

D.    ⊙ Other acts (please specify below)

_____

_____

_____

_____

_____

_____

A-2

11.   Defendant's conduct is discriminatory with respect to the following:

    A.   ✓ Plaintiff's race

    B.   ○ Plaintiff's color

    C.   ○ Plaintiff's sex

    D.   ○ Plaintiff's religion

    E.   ○ Plaintiff's national origin

12.   A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.   If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.   Plaintiff's has no adequate remedy at law to redress the wrongs described above.

**_THEREFORE_,  Plaintiff prays as follows: (Check appropriate letter(s))**

    A.   ✓ That all fees, cost or security attendant to this litigation be hereby waived.

    B.   ○ That the Court appoint legal counsel.

    C.   ○ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _June 2, 2005_

_Anthony L Ware_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

A-3

EEOC Form 161 (10/96)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Anthony Ware
2412 N. Monroe Street
Wilmington, DE 19802

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[  ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-03180 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]   While reasonable efforts were made to locate you, we were not able to do so.

[  ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ x ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director

*march 11, 2005*
*(Date Mailed)*

Enclosure(s)
Information Sheet

cc:   W. Keith Tipton, Esq.,   Respondent's Attorney

A-4

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS —**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 – *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

## ATTORNEY REPRESENTATION — Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE — All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

A-5

4/15/04    Pg #1

To whom it may concern:

Please be advised that I am writing this letter in reference to an incident that occured at my place of employment, on Feb. 16, 2004.

My name is Anthony L. Ware, and I am employed by National Freight Inc., who in turn has a contract with Cott Beverage Company. As a tractor trailer driver my responsibility is to run to a corporation called BALL PLASTICS to pick up & deliver empty plastic bottles, and return them to Cott Beverage Company. On these particular pickups and deliveries the drivers of National Freight Inc. are paid by percentage on preload drop & hooks. We do not get an hourly wage, but instead get paid by the load. This incident that I am about to explain leads me to believe that I am being discriminated against by BALL PLASTICS.

One day I came into Ball Plastics to pick up a load, during that day we got 3 delays 2½ hour each. When I came for my last load, I was told to back up to the dock and that I would be loaded

A-6

Pg. #2

They never told me what dock door to back up to, and I was delayed another forty five minutes. Then finally Another warehouse person who happens to be African American Approached the service window and I proceeded to ask him a question as to why empty trailers were sitting for 3½ hour without being loaded. As this conversation was taking place between us a white male, by the name of Joe Dugan who is an employee of BALL PLASTICS comes out of Nowhere and starts to smart mouth me about trailers getting loaded when he's ready to load them. I feel as though he was trying to provoke intimidate and embaress me in front of the other drivers. There were words said between both of us. I told him that I don't get paid hourly or to wait, and that I did not think it was fair to have to wait. His respose was I don't care. I left the conversation alone at that point and went back to the dock door to see if they started loading my truck. Mr Dugan continued to verbally haress me, I muttered under my breath for him to kiss my ass. He never heard me say these words, as a matter of fact he questioned me as to what I said

A-7

pg. #3

I ask him if he heard what I said, and he said no. The African American gentlmen came back over to me and told me that he would get me loaded and out and not to bother to argue with Mr. Dugan. It still took another 2½ hours to load my truck, when it was loaded I left.

When I came into work the next morning and went to Ball Plastics one of my fellow drivers came out to tell me that I was banned from the building, and then my boss was contated and told the same thing when I got back to my company my boss ask me what had gone on. I told him the exact story explained above. My boss told me that he was told by supervisors at Ball Plastics, that I came in and broke the door, slammed my fist on the table and proceeded to ask wheres my God Damn load at. This was all a lie. The 2nd story told was that I told him to go fuck himself, and the 3rd lie was that I tried to embaress him by cursing him out in front of the everybody. After all of this took place 3 drivers were questioned supposedly as to what I said to mr Dugan & they tou what was said.

pg. #4

In Closing, I would like to say that I feel I have been discriminated against, due to the fact that I am the Only black truck driver that is banned from the building, and white drivers Come in and say alot worse than what I said and none of them are banned from the building. And finally it has been dis-covered that Mr Dugan has been telling Outlandish lies and slandering my name, and I feel as though it was defemation of my Character. The company Ball Plastics still continues to back this man up, and I've lost and still am losing wages due to this unfortunate situation.

Respectfully Submitted

Anthony L. Wace

A-9

Mr. Anthony Cobee
2412 N. Monroe St.
Wilm. DE 19802

Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th St. Suite 400
Philadelphia, PA 19106-2515

Attn: Mrs. Joyce L. Jones

A-10

Charge Number 170-2004-05180                    1/20/05

To whom it may Concern:

Please be advised, that I Anthony Ware am responding to your letter that was sent out to me on January 14, 2005.

In response to Exibit A - (C P Abusive behavior, there is no truth to this statement.

1. No abusive language was used

2. No screaming or raising voice

3. No name calling or cursing

4. Was not ask to go outside, but was ask to leave property

5. Mr. Gallagher was aware of my race. because he ask Mr. Brian Clark who I was and I was described to him as the big black guy with the beard.

6. Jerry Katchmer was called the next morning and not the next week as stated.

7.

In closing mr. Katchmer from NFI has continually requested a statement from BALL PLASTICS for months without a reply from them I Anthony Ware made a statement (written to Jerry Katchmer which was sent to BALL PLASTICS Bill Gallagher with no response back. When this company found out that the EEOC was involved then al of a sudden they came up with statements & false wittnesses.

Thank you

Anthony Ware

A-11

4/15/04

In agreement to Anthony Ware's
Statement.

Witnesses: Victor Henderson 610-932-8862    Cell-(610-416-3659)
Brian Clark - 1-856-546-1080    Cell-(1-215-593-5880)
David Christensen-610-268-3423    Cell-(610-308-7975)
Rocky Hammond - 215-651-4631:cell
Jerry Hatchner (Account manager)- 570-752-0484    Cell-(856-297-2744)

A-12



**U.S. Equal Employment Opportunity Commission**
**Philadelphia District Office**

21 South 5th Street
Suite 400
Philadelphia, PA 19106
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632
1-800-669-4000

Respondent: BALL CORPORATION
EEOC Charge No.: 170-2004-03180
FEPA Charge No.:

Sep 22, 2004

Anthony Ware
2412 N. Monroe Street,
Wilmington, DE 19802

Dear Mr. Ware:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]   The Age Discrimination in Employment Act (ADEA)

[ ]   The Americans with Disabilities Act (ADA)

[ ]   The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[ X ]   Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

New Jersey Division Of Civil Rights
P.O. Box 46001
Newark, NJ 07102

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

William D. Cook
Enforcement Manager
(215) 440-2634

A-13

STATE OF NEW JERSEY
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
NJDCR FILE NO. AND EEOC CHARGE NO. 170 - 2004 -03180

## ADDENDUM TO CHARGE OF DISCRIMINATION

**Explanatory Statement**

    EEOC and the New Jersey Division on Civil Rights ("NJDCR") have determined by a Worksharing Agreement to provide individuals with an efficient procedure to facilitate the dual filing of charges of employment discrimination with both the EEOC and NJDCR under appropriate New Jersey State and Federal Laws. The purpose of this Addendum is to permit the charging party to complete the process of filing a discrimination charge with the NJDCR.

**Verified Addendum to Charge of Discrimination**

    The undersigned charging party elects to dual-file with the NJDCR in order that all New Jersey State rights are preserved. Accordingly, the charging party hereby alleges a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., and elects to dual file the aforesaid charge of discrimination with the NJDCR pursuant to the current worksharing agreement between the NJDCR and the EEOC. The information set forth in the attached EEOC complaint is hereby incorporated herein in its entirety. In addition, the charging party specifically alleges a violation of the following section(s) of the Law Against Discrimination (check one or both if applicable).

        N.J.S.A. 10:5-4 and/or N.J.S.A. 10:5-12 (race, creed, color, national origin, nationality, ancestry, age, marital status, sex, affectional or sexual orientation, reprisal, liability for service in the armed forces of the United States, or atypical hereditary cellular or blood trait).

        N.J.S.A. 10:5-4.1 and/or N.J.S.A. 10:5-29.1 (past or present handicap or perceived handicap).

    I hereby verify that the information set forth in this Addendum as well as the contents set forth in the EEOC charge of discrimination, which are incorporated herein by reference in their entirety, represent an accurate factual description of the alleged acts of discrimination.

    I further verify that I have not instituted action in any court, either civil or criminal, regarding this matter other than the filing of the present charge with the EEOC and NJDCR.

    I certify that I have read the foregoing statements and that, to the best of my personal knowledge, information and belief, the facts alleged herein are true. I am aware that if any statement is willfully false I am subject to penalties under law.

CHARGING PARTY (signature)

A-14

## CHARGING PARTY DETERMINATION AS TO CHARGE PROCESSING BY NJDCR

To:    New Jersey Division on Civil Rights (NJDCR)
and
Equal Employment Opportunity Commission (EEOC)

Re:    EEOC Charge Number: 170 - 2004 - 03180

Case Name: Ware    V.    Ball Corporation

EEOC and NJDCR have determined by a worksharing agreement that all charges first received by EEOC and which are co-jurisdictional with NJDCR will be initially processed by EEOC. However, the determination as to any subsequent processing by the NJDCR will be as determined by the Charging Party. The choices for this processing are as follows:

___    A)    I elect to waive all rights to a NJDCR investigation. I understand that this means that the only investigation of my charge will be done by the EEOC. However, I maintain my rights to file a legal action in NJ Superior Court under the New Jersey Law Against Discrimination. Such private lawsuits must be filed within two years of the date of alleged violation.

✓    B)    I elect to also file my charge with NJDCR. I understand that NJDCR will not begin any active processing of my charge until the closure of my charge by EEOC. At that time, NJDCR will review the EEOC findings to determine whether NJDCR will close its file based on those findings or whether additional NJDCR investigation is necessary. In either event, I will maintain my rights to file a legal action in NJ Superior Court under the New Jersey Law Against Discrimination. Such private lawsuits must be filed within two years of the date of alleged violation.

✓    C)    If option B is selected, I must also complete the "Addendum to Charge of Discrimination" Form.

I hereby certify that the above choices have been fully explained to me by the EEOC Intake Officer and I have indicated my preference above.


_Anthony Ware_                    _09-13-04_
Charging Party signature                    Date

A-15



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

February 28, 2005

Our Reference:     Ware v. Ball Corporation
                   Charge Number 170-2004-03180

Mr. Anthony Ware
2412 N. Monroe Street
Wilmington, DE 19802

Dear Mr. Ware:

I have completed my review of your charge of discrimination alleging that Respondent excluded you from its premises because of your race, Black. After careful review of the evidence, it does not appear that further investigation by the EEOC will result in a finding in your favor. In order for you to prevail, you must show that you were falsely represented as having harassing and abusive behavior.

The evidence shows that three other corroborate Respondent's contentions that you behaved in a harassing abusive manner. The evidence further shows that Respondent has banned other drivers for the same kind of behaviors.

For these reasons it is recommended that this matter be dismissed and a Dismissal/Notice of Rights be issued to you within two weeks. We appreciate the opportunity to serve you to the extent based on the available evidence.

Sincerely,

Joyce L. Jones
Federal Investigator

A-16

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 170-2004-03180 |

**New Jersey Division Of Civil Rights**                          and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Mr. Anthony Ware** | **(302) 571-1213** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2412 N. Monroe Street, Wilmington, DE 19802** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BALL CORPORATION** | **Unknown** | **(609) 303-4000** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **2900 Cindell Drive, Cinnaminson, NJ 08077** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 02-24-2004 | 02-24-2004 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was employed by National Freight Inc., as a Tractor Trailer Driver. National Freight, Inc. has a contract with Cott Beverage Company. I made daily runs to Ball Corporation to pick up and deliver empty plastic bottles to Cott Beverage. On February 16, 2004, I went to Ball Plastic to make my daily run, I was delayed 3 times at 2 ½ hours each. On my last load I was told to back up to the dock for loading. I did, but waited at least 45 additional minutes. I then asked an African American Warehouse worker what the problem was. While I was talking to the Warehouse worker, a White male, Mr. Joe Dugan, interrupted our conversation and began to belittle me in front of everyone in the warehouse. I ignored him, but he continued to make comments . I walked away and muttered a few words under my breath. Mr. Dugan asked me what I was saying. I replied, don't worry about it. My truck was finally loaded and I left. On February 17, 2004, I returned to Respondent to make my run. I was met at the door by Mr. Brian Clark of National Freight, Inc. Mr. Clark informed me that I was not allowed on Respondent's premises. I went back to my terminal and spoke to Mr. Jerry Katchmer. Mr. Katchmer asked me what had happened the previous day. I told him what had happened. Mr. Katchmer spoke to Mr. Bill Gallagher, Respondent's Plant Manager. Mr. Gallagher gave three different accounts of the previous day before he finally asked Mr. Katchmer my side of the story. After hearing my side of the story Mr. Gallagher decided to uphold my ban from the premises. I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, when I was excluded form Respondent's premises.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Sep 13, 2004 | *Anthony Ware* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year )* |
|---|---|---|
| Date | Charging Party Signature | |

## ALLEGATIONS OF EMPLOYMENT DISCRIMINATION

Please immediately complete the entire form and return it to the U. S. Equal Employment Opportunity Commission ("EEOC"). Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses will delay further processing of your charge by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 300 days of the alleged discrimination.

**PERSONAL BACKGROUND INFORMATION:**

Name: Mr./Ms. _Mr. Anthony L. Wade_

Address: _2412 N. Monroe St., Wilm. DE 19802_

Phone Number: (day) _302 571-1213_          (night) (_) _Same_

Date of Birth _____          Soc. Sec. #:_____          ce _Black_

**RESPONDENT INFORMATION** (Employer, union, employment agency against whom the charge is being filed)

Respondent Name _Ball Plastics_

Address (If employer, location where you actually worked or sought employment - If you worked out of your home, state that, and give the full address of the company home office or headquarters; if union or employment agency, give address where you conducted business.)

City/State/Zip Code _Cinnaminson NJ 08077_

Telephone Number _856-303-4007 /609 92_ or County _OR 856-303-4006_

Approximate total number of employees _____

Type of business _Bottling Company_

**DATE OF HARM** (last date any harm which you consider discriminatory happened):

_February 16, 2004_                                             _(Must be completed)_

**TYPE OF HARM** (the kind of adverse action that happened to you, for example, discharge, denial of hire, harassment):
_discharge_

**BASIS** Check the basis for your complaint (*the reason you believe the action was taken against you*).
(✓)race          ( )color          ( )religion          ( )sex
( )national origin          ( )age          ( )disability          ( )retaliation

Identify yourself in terms of the basis or bases you checked, for example, "I am black" or "I am a disabled person."
_I am black_

If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination?   ( )yes   ( )no

If yes, please explain: _____

If none of the above bases applies, describe the reason you believe the action was taken against you:

_____
_____
_____

10/02

A-18

ALLEGATIONS OF DISCRIMINATION (p. 2)

**IPLOYMENT HISTORY** (for example, date of hire, position hired into, title of each position held, dates in each position; or
le employment sought and position applied for):

Date of hire - February 2, 2004

Position hired into - Tractor trailer driver

**BRIEF EXPLANATION OF WHAT OCCURRED** Give a description of the events leading to the incidents of harm and describe
in detail the harm that occurred: when did it happen, who did it, how did it happen, where did it happen?  Be sure to give names
and titles of persons involved, incidents and dates of each incident, and any details which support your complaint.

My full name is Anthony Lewis Ware. On February 11, 2004 the
incident that I am about to describe took place.
Employed by National Freight Inc, who in turn has a contract
with Cott Beverage Company. As a tractor trailer driver my
responsibilities were to make runs to a corporation called
BALL PLASTICS, to pick up & deliver empty plastic bottles and re-
turn them to Cott Beverage Co. On these particular pickups and
deliveries the drivers of National Freight Inc. are paid by percentage
on preload & drop & hooks. (NO HOURLY WAGE - PAID BY LOAD)
February 11, 2004 pulled into BALL PLASTICS to pick up a load
On that day I was delayed 3 times 2½ hours each. When
coming in for last load, I was told to back up to dock and
that I would be loaded. They never told me what dock door
to back up to, so I was delayed another 45 minutes.
Proceeded to ask an African American ware house employee a
question as to why empty trailers were sitting for 3½ hours
without being loaded. As this conversation was taking place
between myself & the warehouse employee a white male by the
name of Joe Dugan (BALL PLASTICS) (EMPLOYEE) comes out of nowhere and
starts to smart mouth me about trailer getting loaded when
he is ready to load them. I feel as though that he was
trying to provoke/embaress me and intimidate me in front of
other drivers. I told him that I did not get paid by the
hour and that I thought it was very unfair to have to wait.

A-19

ALLEGATIONS OF DISCRIMINATION (p. 3)

I left the conversation alone at that point. After he told me he didn't care that I was not paid an hourly rate. But Mr Dugan continued to verbally harass me, while trying to walk away, I muttered for him to kiss my ass under my breath, he never heard me say this clearly, as a matter of fact he questioned me as to what I had said. I ask him if he heard what I said and he responded No, my truck took another 2 1/2 hour to get loaded, and I left BALL PLASTICS for the day. When getting to work the next day I went to Ball Plastics only to be met at the door by a fellow driver who told me I was not allowed in the building. They contacted my boss Mr Jerry Katchmer and told him I was banned. I explained to Jerry what had went on the day before, and he said that he was told by company supervisors from BALL PLASTICS, that I came in a broke the door, slammed my fist on the table and said that I ask (wheres my GODDAMN load) (All a lie) 2nd story told was that I told him to go fuck himself / 3rd story was that I tried to embarass him in front of everybody. In closing, I would like to say that I feel I've been discriminated against. I am only black driver banned from BALL PLASTICS Mr Dugan continues to tell outlandish lies, slander my name, I've lost and am still losing wages due to this unfortunate situation.

(see Attached letter for more detail)

**COMPARATIVE DATA** Was anyone else in a situation similar to yours? If so, what happened to him, her, or them? Name all such similarly-situated individuals (for example, all persons in the same job title under the same person who made the decision regarding the adverse action you suffered) and describe their treatment, whether it was better or worse than or the same as yours. Identify all named individuals in terms of the basis you selected, that is, by race, sex, or whatever basis applies in your case.

To my knowledge, I am not aware of anyone else in this situation. You may have to further investigate.

I feel as though I have been discriminated against, because out of all the drivers that I have witnessed curse at Mr. Dugan have been white. I feel I was singled out because I am a black man.

ALLEGATIONS OF DISCRIMINATION (p. 4)

**RESPONDENT'S EXPLANATION** Was an explanation given by the company for what happened? If so, identify by name and title the person who provided the explanation and describe that explanation. Is there a policy and/or practice in the company regarding what happened? Explain.

Ball Plastics refused to give an explanation to the Trucking Company that I was employed with.

Please indicate whether you have signed a waiver (release) in connection with your employment situation: ( ) Yes  (✓) No.

As the result of signing a waiver, have you received any consideration in addition to what you would have been entitled without signing the waiver?  ( ) Yes  ( ) No.  If so, please specify what additional benefit you received:

If you have signed a waiver and have a copy of it, please attach to this document.

**MISCELLANEOUS INFORMATION:**

If you referred to relevant documents in the above responses, such as discharge or disciplinary notices, and you have copies of them, please attach them.

I declare under penalty of perjury that I have read the above statements and that they are true and correct.

September 13, 2004
_____          _____
Signature                         Date

A-21

## ALLEGATIONS OF DISCRIMINATION (p. 5)

**WITNESSES** who you believe can provide relevant information regarding any of your allegations of discrimination. Give name, home telephone number, address if known, and a brief explanation of what each person should be able to tell EEOC.

Was not permitted to go back to Company grounds to gain information pertaining to witnesses.

**CONTACT PERSON** Please provide the name of an individual at a different address who is in the local area and who would know how to reach you.

Name _____ Relationship Friend

Address _____

City Avondale _____ State PA Zip Code 19311

Area Code/Telephone Number _____

A-22

ALLEGATIONS OF DISCRIMINATION (p. 6)

**ADDITIONAL INFORMATION**

1. Choose one of the following:
    a) ( ) I want to file a charge.
    b) ( ) I DO NOT WANT to file a charge at this time.
    c) ( ) I want to speak with an EEOC Representative before this is filed as a charge.

I can be contacted at (area code/telephone number) 302 - 571 - 1213

The best days and times to contact me are M-F 9 AM - 5 PM

2. Indicate which of the following applies:
    a) ( ) I have not filed a charge with any other agency concerning these same matters.

    b) (✓) I have filed a charge with the agency/agencies named below concerning these same matters:
        Name of Agency __NAACP__
        Date Filed _____
        Agency docket number _____

    c) ( ) I am scheduled for an interview with the agency named below:
        Name of Agency _____
        Date of Scheduled Interview _____
        Location of Interview _____
        Name of Interviewer _____

    d) ( ) I have received a Questionnaire to be completed from the agency named below:
        Name of Agency _____

    e) ( ) I mailed the Questionnaire back to the agency named above on or about:
        _____

_Anthony Wair_
Signature

_September 13, 2004_
Date

A-23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Anthony Lewis Ware,                    )
                                       )
        Plaintiff,                     )
                                       )      Civil Action
        v.                             )
                                       )      File No. 05-362
Ball Plastic Container Corp.,          )
                                       )
        Defendant.                     )

## DECLARATION OF ELIZABETH ESTEP

1.    I am of the age of majority, competent to testify, and have personal knowledge of the matters stated herein.

2.    I am giving this Declaration for use in the above-styled matter and if called upon would testify as set forth below.

3.    I am the Executive Assistant of the Law Department for Ball Corporation. ("Ball") In that capacity, I am responsible to oversee and update the minute books of each entity as necessary, as well as to maintain each entity's applicable registration and qualification status in each appropriate state.

4.    Ball Plastic Container Corp. is incorporated in Colorado and qualified to do business in several states, including New Jersey and Pennsylvania.

5.    Ball Plastic Container Corp. is not qualified to do business in Delaware. Ball does not do business in Delaware and does not have any operations in Delaware.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

12-1-2005
DATE

_Elizabeth Estep_
ELIZABETH ESTEP

A-24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Anthony Lewis Ware,              )
                                 )
        Plaintiff,               )        Civil Action
                                 )
        v.                       )        File No. 05-362
                                 )
Ball Plastic Container Corp.,    )
                                 )
        Defendant.               )

## DECLARATION OF WILLIAM GALLAGHER

1.   I am of the age of majority, competent to testify, and have personal knowledge of the matters stated herein.

2.   I am giving this Declaration for use in the above-styled matter and if called upon would testify as set forth below.

3.   I am the Warehouse Manager for Ball Plastic Container Corp.'s ("Ball") plant located in Delran, New Jersey.

4.   The address for the Delran, New Jersey plant is 200 Cindel Drive, Cinnaminson, New Jersey, 08077, which is located in Burlington County, New Jersey.

5.   As the Warehouse Manager, I manage all warehouse operations at the plant. The plant manufactures polyethylene terephthalate ("PET") containers for water and soft drinks.

6.   The plant staffs its warehouse with four crews. One of the warehouse crews' responsibilities is to load PET containers onto truck shipping trailers for delivery to the plant's customers.

-1-

A-25

7. The shipping trailers are transported to the customers by several independent trucking firms. One of those firms is National Freight, Inc. ("NFI"), which delivers to one of the plant's customers, Cott Beverage Company ("Cott").

8. Cott's facility in Concordville, Pennsylvania receives bottle shipments from Ball's Delran, New Jersey plant.

9. Anthony Ware was employed as a driver by NFI. Mr. Ware was not employed by or an employee of Ball.

10. Mr. Ware, as an employee of NFI, delivered PET container shipments from Ball's Delran, New Jersey plant to Cott's Concordville, Pennsylvania facility.

11. One evening in February 2004, I received a telephone call from one of my warehouse supervisors, Joe Dugan. Mr. Dugan reported that during his shift that evening, he was trying to complete the paperwork for several drivers waiting to pick up scheduled loads.

12. Mr. Dugan went on to state that during that time, Mr. Ware approached Mr. Dugan and demanded to immediately pick up a load for Cott. Upon being told that he would have to wait until a load for Cott was ready, Mr. Ware became upset and acted in an abusive, vulgar, and threatening manner toward Mr. Dugan.

13. As Manager of Warehouse Operations, I have an obligation to ensure that my subordinates are not subject to this type of harassment and abuse. Therefore, I investigated Mr. Dugan's complaint about Mr. Ware's behavior.

14. In the course of my investigation, I spoke with multiple individuals at the Delran, New Jersey plant who had witnessed Mr. Ware's conduct toward Mr. Dugan, and they confirmed Mr. Dugan's account of Mr. Ware's improper conduct at the plant.

2

A-26

15. Based on Mr. Dugan's report to me of Mr. Ware's abusive, vulgar, and threatening behavior, and the verifications of his report by multiple witnesses, I decided to ban Mr. Ware from Ball's Delran, New Jersey plant.

16. About one week after I received the report of Mr. Ware's conduct, investigated it, and decided to ban him from Ball's plant, I spoke via telephone with Jerry Katchmer, an official with NFI, Mr. Ware's employer. I told Mr. Katchmer that I decided to ban Mr. Ware from Ball's Delran, New Jersey plant because of his improper conduct toward Mr. Dugan.

17. At all times during February 2004, when I received Mr. Dugan's report, investigated it by speaking with the multiple witnesses, decided to ban Mr. Ware from the plant, and spoke with Mr. Katchmer, I did not know Mr. Ware's race. I did not learn Mr. Ware's race until I read the Charge of Discrimination that he filed in September 2004.

18. Race was not a factor in my decision to ban Mr. Ware from Ball's Delran, New Jersey plant.

19. To the extent records identifying the drivers of shipments from the Delran, New Jersey plant are maintained by Ball, they are maintained at the Delran, New Jersey facility. Information regarding the shipments of bottles to customers is maintained at the Delran, New Jersey plant.

20. I am not aware of any Ball facilities being located in Delaware.

21. I am not aware of any records pertaining to shipments delivered by Mr. Ware being located or maintained in Delaware.

22. Joe Dugan, most of the other witnesses to Mr. Ware's conduct, and I work at the Delran, New Jersey plant. Many of the witnesses to Mr. Ware's conduct also live in

3

New Jersey.  I am not aware of any individuals with knowledge of the facts in this matter who live in Delaware, other than possibly Mr. Ware.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

William Gallagher

11-28-05

4

A-28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Anthony Lewis Ware,                  )
                                     )
        Plaintiff,                   )
                                     )        Civil Action
        v.                           )
                                     )        File No. 05-362
Ball Plastic Container Corp.,        )
                                     )
        Defendant.                   )

## DECLARATION OF BRYANT HASELDEN

1.  I am of the age of majority, competent to testify, and have personal knowledge of the matters stated herein.

2.  I am giving this Declaration for use in the above-styled matter and if called upon would testify as set forth below.

3.  I am the Plant Manager for Ball Plastic Container Corp.'s ("Ball") plant located in Delran, New Jersey.

4.  The address for the Delran, New Jersey plant is 200 Cindel Drive, Cinnaminson, New Jersey, 08077, which is located in Burlington County, New Jersey.

5.  As the Plant Manager, I manage all operations at the plant. The plant manufactures polyethylene terephthalate ("PET") containers for water and soft drinks.

6.  PET containers are loaded onto truck shipping trailers for delivery to the plant's customers.

7.  The shipping trailers are transported to the customers by several independent trucking firms.

8.  The plant manufacturers approximately 1.5 billion PET containers a year.

-1-

A-29

Of those, only about 42-45 million, or approximately only three percent (3%) of the plant's total annual production, are shipped to a customer in Delaware, Pepsi Bottling Group. Pepsi is the only customer in Delaware to whom PET products manufactured at the Delran, New Jersey Production site are driven by Ball employees. Rather, independent trucking companies pick up product from Ball and deliver it to the facility designated by Ball's customers.

10.    I am not aware of any Ball facilities being located in Delaware, nor am I aware of any Ball employees delivering Ball products into Delaware.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

12/1/05
Date

Bryant Haselden

2

A-30

## CERTIFICATE OF SERVICE

I, DAVID G. CULLEY, hereby certify that on this 2nd day of December, 2005, I electronically filed the attached Appendix to Defendant Ball Plastic Container Corp.'s Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Anthony Lewis Ware
2412 N. Monroe St.
Wilmington, DE 19802

I hereby certify that on this 2nd day of December, 2005, I have mailed by United States Postal Service, the Appendix to Defendant Ball Plastic Container Corp.'s Motion to Dismiss to the following participants:

Anthony Lewis Ware
2412 N. Monroe St.
Wilmington, DE 19802

**TYBOUT, REDFEARN & PELL**

*/s/ David G. Culley*
_____
**DAVID G. CULLEY, I.D. # 2141**
**TIMOTHY S. MARTIN, I.D. # 4578**
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
E-mail Address: dculley@trplaw.com
Attorney for Defendant Ball Plastic Corp.